### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HILLER | : | CIVIL ACTION |
|                   **PLAINTIFF,** | : | |
| | : | **NO.** |
|     **VS.** | : | |
| | : | |
| ENVIRONMENTAL ENERGY | : | |
| RECYCLING CORP., GREENWORKS | : | |
| HOLDINGS, LLC, DAVE DUNHAM, | : | |
| RALPH TOMMASO | : | |
|                 **DEFENDANTS.** | : | **JURY TRIAL DEMANDED** |

### COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Robert Hiller (hereinafter "Hiller" or "Plaintiff"). Plaintiff was an employee of the Environmental Energy Recycling Corp., and/or Green Works Holdings, LLC of Allentown, Pennsylvania, who has been harmed by disability and age-based harassment and discrimination and retaliatory practices as well as other improper conduct by Defendants.

This action is brought under the Americans with Disabilities Act (ADA), Title 42 U.S.C. § 12102; the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621; the False Claims Act; and the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. § 951 *et seq.* as well as Pennsylvania statutory and common law.

## II. JURISDICTION AND VENUE

1.     The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on the ADA and ADEA.

2.      The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiffs' claims arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 *et seq.* and under Pennsylvania statutory and common law.

3.      All conditions precedent to the institution of this suit have been fulfilled.

4.      On August 20, 2012, Plaintiff filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against Defendant Greenworks (the "Corporate Defendants"), and Defendants Dunham and Tommaso (the "Individual Defendants") alleging, *inter alia* disability and age-based employment discrimination and retaliation.

5.      The U.S. Equal Employment Opportunity Commission has issued a Notice of Right to Sue to Plaintiff; and more than one year has elapsed since the dual filing of the Complaint with the PHRC.

## III. **PARTIES**

6.      Plaintiff Hiller is an adult male citizen and resident of the Commonwealth of New Jersey, residing in 57 Lurline Drive, Basking Ridge, New Jersey 07920.  Plaintiff was at all times pertinent hereto employed as Director of Sales and/or Managing Director with the Corporate Defendants.

7.      Defendant, Environmental Energy Recycling Corp. ("EERC"), is a Pennsylvania Corporation or other business association authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, and affiliated with, merged with and/or doing business as Greenworks, with a principal place of business in Allentown, Pennsylvania.  In addition, the above-stated Defendant entities

are affiliated with, do business as and/or are interrelated with SmarterFuel, Inc. of Wind Gap, Pennsylvania.

8.    Defendant Greenworks Holdings, LLC, is a Pennsylvania Corporation or other business association authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, and doing business as Greenworks, with a principal place of business in Allentown, Pennsylvania.

9.    At all times material hereto, Defendant Greenworks Holdings was the parent company of Defendant EERC and/or SmarterFuel Inc. of Wind Gap, Pennsylvania.

10.   Corporate Defendants are hereinafter referred to jointly as "Greenworks".

11.   At all relevant times, Defendant/Employer Greenworks has continuously been and is now a Corporation doing business in the State of Pennsylvania and continuously had at least twenty-five (25) employees.

12.   At all times relevant hereto, Greenworks has been a "person" or "employer" as defined under the ADA and ADEA, and is subject to the provisions of the said Acts.

13.   At all times relevant hereto, the corporate Defendant, Greenworks owned, operated, controlled and managed their business by and through the conduct of its/their officers, managers, agents and employees, all acting within the scope and course of their employment, including but not limited to the Individual Defendants named herein.

14.   Defendant, Dave Dunham, (hereinafter "Dunham") is a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action, Dunham was an owner, shareholder, Manager and Supervisory Employee of the Corporate Defendant. At all times relevant hereto, Defendant Dunham was an agent, servant, workman and/or employee of Defendant Greenworks, acting and or failing to act within the scope, course

and authority of his employment with his employer.  At all times relevant, Dunham was acting in his supervisory and personal capacity.

15.    Defendant, Ralph Tommaso, (hereinafter "Tommaso") is a resident and citizen of the State of New Jersey.  At all times relevant to this action Tommaso was an owner, shareholder, Manager and Supervisory Employee of the Corporate Defendant.  At all times relevant hereto, Defendant Tommaso was an agent, servant, workman and/or employee of Defendant Greenworks, acting and or failing to act within the scope, course and authority of his employment with his employer. At all times relevant, Tommaso was acting in his supervisory and personal capacity.

16.    Defendant Greenworks has, acting through its agents, servants and representatives including the Individual Defendants, on more than one occasion, met with Plaintiff, and have heard allegations from Plaintiff of disability and age-based harassment and discrimination at Greenworks.

17.    At all relevant times herein, Defendants knew, or had reason to know, of the actions and inactions alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

18.    The preceding Paragraphs 1 through 17 inclusive, are incorporated by reference as if fully set forth at length herein.

19.    Plaintiff is a 60 year old male.

20.    Plaintiff suffers from ADA-covered disabilities, namely ear and hearing disabilities and related symptoms (such as balance issues) arising from Meniere's Disease and Tinnitus.

21.    Plaintiff's disabilities are regularly debilitating and result not only in

4

hearing loss but also cause vertigo, dizziness, nausea and other incapacitating symptoms.

22.     The Defendants were made specifically aware of these disabilities by Plaintiff.

23.     On June 27 of 2011, Plaintiff was hired by Defendants as Director of Sales and Marketing.

24.     Plaintiff held this position until he was demoted to Marketing Director and discharged on or about April 11, 2012.

25.     His supervisors were the Individual Defendants.

26.     Up to and until the discriminating, harassing and retaliatory acts leading to his termination, Plaintiff had a spotless employment file, with no written or verbal notations, warnings or reprimands.  To the contrary, Plaintiff had received superb reviews and had received his full six month performance bonus.

A. **Allegations Pertaining to ADA-Disability and ADEA-Age Discrimination.**

27.     When employed by Defendant Greenworks, Plaintiff endured constant and repeated disability-based harassment in the workplace from Dunham and Tommaso.

28.     The Individual Defendants continuously complained about Plaintiff's hearing, "attention", "responsiveness" and balance.

29.     Individual Defendants repeatedly made fun of Plaintiff's symptoms.

30.     Individual Defendants repeatedly stated that having to repeat things to Plaintiff was a "pain in the ass".

31.     Tommaso would often discuss Plaintiff's disability with him.  Tommaso himself talked about his disabilities (and therefore Plaintiff believed and was comfortable with talking to him about his disabilities).

32.    The Individual Defendants, including Tommaso, remarked that Plaintiff's weight was the likely cause of his hearing problem.

33.    The Individual Defendants repeatedly stated that they should have a "younger, healthier person" in Plaintiff's position.

34.    The Individual Defendants, including Dunham, stated specifically on March 26, 2012, "we need to have younger people who do not have hearing problems."

35.    Individual Defendants would regularly make fun of and make sarcastic comments that Plaintiff was too old and/or could not hear; and would often link Plaintiff's hearing loss to age.

36.    Individual Defendants would often make negative comments when Plaintiff returned to the office after having needed medical treatment.

37.    Plaintiff repeatedly asked for ADA accommodations, in the form of things being repeated or spoken loudly or in writing and other accommodations related to his disability, but same were refused; and Defendants never engaged in the ADA's interactive process.

38.    Dunham would make repeated negative remarks about Plaintiff's age and would state to Plaintiff that he will never get hired by another company because he is "too old".

39.    Defendants, and particularly Tommaso, beginning on or about February 2012, began to exclude and freeze-out Plaintiff, avoiding talking with him and telling him "you do not understand things because you are too old", and because "you grew up when my father did".

40.     On or about September 30, 2011, due to age and disability discrimination, Plaintiff was replaced as Director of Sales by a substantially younger (29 year old) female, Tonya Resutek, who had less training, education and experience.

41.     On April 11, 2012, Plaintiff was terminated as Marketing Director for false and pretextual reasons namely "elimination of position".

42.     However, in reality, Defendants assigned the younger Tonya Resutek to assume Plaintiff's position.

43.     Both before and after his termination, Plaintiff complained to Defendants about the age and disability-based discrimination and harassment.

**B. Allegations Pertaining to Whistleblowing Activity**

44.     Defendant Greenworks is in the business of recycling discarded cooking oil and processing it into biofuel.

45.     Defendants operations are heavily subsidized by Federal and State funds.

46.     Defendants have potentially produced false documentation in support of requests for Federal and State funding, in that the applications stated, *inter alia,* that Defendants were providing certain services that they were not in fact providing, and were rending other services through sub-contractors, while representing that they were performing the services themselves and/or had engaged in other shady dealings.

47.     Before he was terminated, Plaintiff reported to and objected to and discussed his concerns regarding the above issues with the Defendants.

48.     Plaintiff's termination was in retaliation for his above-stated whistleblowing activity.

### C. Allegations Pertaining to Violations of the Pennsylvania Wage Payment and Collection Law

49.     At the time of his termination, Plaintiff's compensation included a 50% bonus on an $85,000 salary.  The bonus has earned and accrued on a pro-rated basis.  As of the time of his termination on April 11, 2012, Plaintiff has earned a $12,979.00 bonus which was earned and remains unpaid.

50.     At the time of his termination, Plaintiff had accrued thirteen (13) days of paid time off.  Defendants acknowledged in writing at the time of the termination that the thirteen days were due and owing to Plaintiff.

51.     Nonetheless, Defendants have failed and refused to make payment on the bonus earned by Plaintiff and the paid time off due.

52.     Plaintiff believes and therefore avers that thirteen days of his prorated salary has a value of Four Thousand Two Hundred-fifty Dollars ($4,250).

### COUNT I
### PLAINTIFF v. GREENWORKS
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

53.     Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

54.     At all times relevant herein, Plaintiff was disabled, was regarded as disabled by Defendant and/or had a record of a disability.

55.     At all times relevant herein, Plaintiff had, was regarded as or had a record of having a condition that limits major life activities.

56.     Plaintiff was able to perform all of the essential functions of his position with or without accommodation.

57.     By reason of the conduct set forth above, Defendant Greenworks

intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Plaintiff who was erroneously perceived as having a disability.

58.     By its actions and inactions through its agents, servants and representatives, Defendant Greenworks discriminated against persons such as Plaintiff who have a record of or are perceived as having a disability.

59.     As a direct result of Plaintiff's disability, Defendant terminated Plaintiff's employment.

60.     Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights.

## COUNT II
## PLAINTIFF v. GREENWORKS
## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

61.     Paragraphs 1 through 60,  inclusive, are incorporated by reference as if fully set forth at length herein.

62.     By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under the ADA in violation of this act.

63.     Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. GREENWORKS
## VIOLATION OF THE ADEA

64.     Paragraphs 1 through 63 inclusive, are incorporated by reference as if fully set forth at length herein.

65.     Solely because of Plaintiff's age, Plaintiff was treated disparately by

Defendant, acting through Defendants Dunham and Tommasso.

66.     The foregoing acts of Defendant constitute unlawful discrimination against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, as amended.

67.     The actions of Defendants are without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

68.     Plaintiff has no adequate remedy at law.

69.     As a direct result of the Defendants' willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner solely because of their age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT IV
## PLAINTIFF v. GREENWORKS
## RETALIATION UNDER THE ADEA

70.     Paragraphs 1 through 69, inclusive, are incorporated by reference as if fully set forth at length herein.

71.     By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under the ADEA in violation of this act.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## COUNT V
## PLAINTIFF v. GREENWORKS
## 43 Pa.C.S.A.§951, *et seq.*

73.     Preceding Paragraphs 1 through 72 inclusive, are incorporated by reference as if fully set forth at length herein.

74.     The unlawful actions of Defendant constitutes a violation of Title 43 Pa.

Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act.  The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment based on age and disability, retaliating against Plaintiff because of his expressed opposition to offensive conduct in the work place, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner on the basis of age and disability.

75.    As a direct result of the Defendant's willful and unlawful actions in treating Plaintiffs' in a discriminatory manner solely because of his age and disability, in violation of 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus including such back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

**COUNT VI**
**PLAINTIFF v. DAVE DUNHAM AND RALPH TOMMASO**
**AIDING AND ABETTING LIABILITY UNDER THE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

76.    Preceding Paragraphs 1 through 75 inclusive, are incorporated by reference as if fully set forth at length herein.

77.    Defendants were supervisory employees whose acts or omissions, as set forth above, aided and abetted the illegal discrimination, sexual harassment and assault of Defendant.

78.    As a direct result of the acts or failures to act by Defendants Plaintiff was treated in a discriminatory and retaliatory manner solely because of his age and disabilities, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human

Relations Act.

79.     Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## COUNT VI
## VIOLATION OF THE FALSE CLAIMS ACT
## 31 U.S.C. . §3730(h)

80.     Preceding Paragraphs 1 through 79 inclusive, are incorporated by reference as if fully set forth at length herein.

81.     The Anti-Retaliation provision of the FCA prohibits an employer from retaliating against an employee "because of lawful acts done by the employee . . . in furtherance of an action." 31 U.S.C. §3730(h).

82.     Defendants violated the anti-retaliation provisions of the False Claims Act by demoting and/or harassing Plaintiff and terminating his employment.

83.     As set forth above, Plaintiff took action in furtherance of an FCA action; Defendants knew about these acts; and (3) Defendants discriminated against the Plaintiff because of such conduct.

84.     Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## COUNT VII
## VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER ACT
## 43 P.S. 1421, *et seq.*

85.     Preceding Paragraphs 1 through 84 inclusive, are incorporated by reference

as if fully set forth at length herein.

86.     As set forth above, Defendants discharged, threatened, and discriminated or retaliated against Plaintiff in compensation or in terms or conditions of employment because he made a good faith report to the employer about an instance of "wrongdoing or waste."

87.     Defendants also discriminated and retaliated against Plaintiff because he feared and/or believed he may have been requested by an appropriate authority (FBI) to participate in an investigation, hearing or inquiry regarding the employer's alleged wrongdoing or waste.

88.     Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## COUNT VIII
## WRONGFUL DISCHARGE

89.     Preceding Paragraphs 1 through 88 inclusive, are incorporated by reference as if fully set forth at length herein.

90.     All of the foregoing actions by Defendants against Plaintiff were against the public policy of the Commonwealth of Pennsylvania, which encourages and protects the reporting of waste, fraud and abuse in the use of public funds.

91.     Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## COUNT VIII
## PA. WAGE PAYMENT AND COLLECTION LAW

92.     Preceding Paragraphs 1 through 91 inclusive, are incorporated by reference as if fully set forth at length herein.

93.     The Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A. § 260.1, *et seq*. provides that a civil action may be brought by an employee to whom any type of wages is payable. 43 P.S. § 260.9a(a).

94.     Wages, by statutory definition, includes all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation. 43 P.S. § 260.2a.

95.     Wages, other than fringe benefits and wage supplements, must be paid to employees on regular paydays designated in advance by the employer. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within 15 days from the end of each pay period, unless another time is fixed by contract of industry custom.  The wages shall be paid in lawful money of the United States or check.  43 P.S. §260.3. In addition to the amount of the wages, the court shall allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.  43 P.S. § 260.9a(f).

96.     Furthermore, where wages remain unpaid for thirty days beyond the regularly scheduled payday the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater. 43 P.S. § 260.10.

97.     Plaintiff therefore demands damages in the amount of

1.      Wages Due:

|   |   | a. | Bonus earned | $12,979.00 |
|---|---|---|---|---|
|   |   | b. | Paid time off wages | $4,250 |
|   | 2. | | Liquidated Damages | $4,307.25 |
|   | 3. | | Attorney Fees | Undetermined |

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

98.     Preceding Paragraphs 1 through 98 inclusive, are incorporated by reference as if fully set forth at length herein.

99.     At all times relevant hereto, Defendant knew or should have known of the pattern of conduct in which Defendants had engaged and in which they continued to engage.

100.    At all times relevant hereto, Defendant knew or should have known that the aforesaid pattern of conduct was in violation of the law.

101.    Despite such knowledge Defendant failed to adequately investigate, discipline or discharge its agents, servants and representatives who harassed Plaintiff because of his age and disability, and/or failed or refused to take appropriate and prompt remedial action, and created a hostile work environment, harassed and subjected Plaintiff to a hostile work environment, s harassment, and disparate treatment because of his age and disability.

102.    Defendant knew that Defendants Dunham and Tommaso had been accused of and committed harassment respecting Plaintiff because of his age and disability.

103.    Defendant failed and refused to properly protect and support Plaintiff and in fact subject or permitted her to be subjected to further harassment and discrimination because of his age and disability.

104.    At all times relevant hereto, Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and wellbeing of the Plaintiff and other employees similarly situated.

## V. **PRAYER FOR RELIEF**

105.    Preceding Paragraphs 1 through 104 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiffs request this Court to enter judgment in his favor and against Defendants and request that this Court:

a. Exercise jurisdiction over his claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages as may be available under applicable law;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which he would have been entitled, had he not been subject to unlawful discrimination;

e. Order Defendants to compensate Plaintiff with an award of front pay, if appropriate under the law and evidence presented at trial;

f. Order Defendants to compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

g. Order Defendants to pay to Plaintiff punitive damages as may be available under applicable law, and compensatory damages for future pecuniary losses,

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

h.  Order Defendants to pay to Plaintiffs pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i.  The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By:  /s/ George S. Kounoupis
     GEORGE S. KOUNOUPIS, ESQUIRE
     20 East Broad Street
     Bethlehem, PA  18018
     (610) 865-2608
     Attorney for Plaintiff,
     Robert Hiller

Dated: October 8, 2013